UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA WINSHIP, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>APEX ASSET MANAGEMENT, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, MELISSA WINSHIP, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, APEX ASSET MANAGEMENT, LLC ("APEX ASSET MANAGEMENT"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. APEX ASSET MANAGEMENT maintains a location at 2501 Oregon Pike, Suite 102, Lancaster, Pennsylvania 17601.

8. Upon information and belief, APEX ASSET MANAGEMENT uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. APEX ASSET MANAGEMENT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from APEX ASSET MANAGEMENT, which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(3);1692e(5); and 1692e(10);

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime before June 1, 2017, Plaintiff allegedly incurred a financial obligation to CENTER FOR WOMEN LUMBERTON ("CENTER FOR WOMEN").

16. The CENTER FOR WOMEN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the CENTER FOR WOMEN obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the CENTER FOR WOMEN obligation for business purposes.

19. The CENTER FOR WOMEN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. CENTER FOR WOMEN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before June 1, 2017, CENTER FOR WOMEN referred the CENTER FOR WOMEN obligation to APEX ASSET MANAGEMENT for the purpose of collections.

22. At the time CENTER FOR WOMEN referred the CENTER FOR WOMEN obligation to APEX ASSET MANAGEMENT, the obligation was past due.

23. At the time CENTER FOR WOMEN referred the CENTER FOR WOMEN obligation to APEX ASSET MANAGEMENT, the obligation was in default.

24. Defendant caused to be delivered to Plaintiff a letter dated June 1, 2017, which was addressed to Plaintiff and sought a balance of $168.00. **Exhibit A,** which is fully incorporated herein by reference.

25. The June 1, 2017 letter was sent to Plaintiff in connection with the collection of the CENTER FOR WOMEN obligation.

26. The June 1, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the June 1, 2017 letter.

28. The June 1, 2017 letter stated in part that:

Date:               06/01/17
Account For:        CENTER FOR WOMEN LUMBERTON-RWHM
Client Reference:   78901-XXXXXX1679
Balance Due:        $168.00
Service Date:       01/21/16

29. The June 1, 2017 letter also stated in part that:

This account(s) should no longer be neglected.

Accounts posted to your credit file may remain listed for seven years from the date of service listed below.

30. The June 1, 2017 letter provided in part the following information below:

| Client Reference | Service Date | Balance Due |
|---|---|---|
| 78901-XXXX2016 | 01/21/16 | 24.00 |
| 78901-XXXX2016 | 01/28/16 | 24.00 |
| 78901-XXXX2016 | 01/19/16 | 40.00 |
| 78901-XXXX2016 | 01/19/16 | 40.00 |
| 78901-XXXX2016 | 05/17/16 | 40.00 |

31. In addition, the June 1, 2017 letter stated in part that:

> Please pay this balance within fifteen days.
>
> Please refer to **our account number 48107947** when calling or writing about **this account** (emphasis added).

## POLICIES AND PRACTICES COMPLAINED OF

32. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the attempted collection of a debt;

    (b) Making a false representation of the character or legal status of the debt;

    (c) Making a false representation or implication that the communication is from an attorney; and

    (d) Threatening an action that was not intended to be taken.

33. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

34. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

35. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

37. Defendant's letters were designed to cause the least sophisticated consumer to be confused as to his or her rights.

38. The content of Defendant's letter was designed to cause the least sophisticated consumer to be confused about what Defendant meant by the statement that: "Account(s) posted to your credit file may remain listed for seven years from the date of service listed below."

39. The content of Defendant's letter was designed to cause a false sense of urgency for the least sophisticated consumer to pay the obligation.

40. Defendant's letter causes the least sophisticated consumer to be confused as to whether the "seven years from the date of service" starts from the earliest listed date, specifically January 21, 2016 or from each service date.

41. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

42. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

43. Defendants violated 15 U.S.C. § 1692e of the FDCPA by creating a false sense of urgency to pay the debt within 15 days to avoid an impact to her "credit file".

44. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that the obligation(s) was eligible to be reported to one or more of the national credit reporting agencies.

45. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that the obligation(s) were being reported to one or more of the national credit reporting agencies.

46. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff that the obligation(s) would remain on Plaintiff's credit profile for seven years from the date of service rather than from the date of delinquency.

47. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing the seven year period that the obligation would remain on Plaintiff's credit file.

48. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

49. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that the obligation(s) was eligible to be reported to one or more of the national credit reporting agencies.

50. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that the obligation(s) were being reported to one or more of the national credit reporting agencies.

51. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that the obligation(s) would remain on Plaintiff's credit profile for seven years from the date of service rather than from the date of delinquency.

52. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

53. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening to post information regarding the obligation to Plaintiff's credit file.

54. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening to post credit information to Plaintiff's credit profile for seven years from the date of service rather than from the date of delinquency.

55. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

56. Defendants actions and conduct described herein violated 15 U.S.C. § 1692e(10).

57. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

60. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

61. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

62. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 31, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 31, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

# apex
## ASSET MANAGEMENT LLC

2501 OREGON PIKE STE 102
LANCASTER PA 17601-4890
717-519-1770 or 888-592-2144

| Date: | 06/01/17 |
|---|---|
| Account For: | CENTER FOR WOMEN LUMBERTON-RWHM |
| Client Reference: | 1679 |
| Balance Due: | $168.00 |
| Service Date: | 01/21/16 |

06/01/17

This account(s) should no longer be neglected.

Accounts posted to your credit file may remain listed for seven years from the date of service listed below.

### Account Listing

| Name | Client Reference | Client Name | Service Date | Balance Due |
|---|---|---|---|---|
| WINSHIP MELISSA | | CENTER FOR WOMEN LUMBERTON | 01/21/16 | 24.00 |
| WINSHIP MELISSA | | CENTER FOR WOMEN LUMBERTON | 01/28/16 | 24.00 |
| WINSHIP MELISSA | | CENTER FOR WOMEN LUMBERTON | 01/19/16 | 40.00 |
| WINSHIP MELISSA | | CENTER FOR WOMEN LUMBERTON | 01/19/16 | 40.00 |
| WINSHIP MELISSA | | CENTER FOR WOMEN LUMBERTON | 05/17/16 | 40.00 |

The above account(s) remain unpaid despite our previous request.

Please pay this balance within fifteen days.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Please refer to our account number 48107947 when calling or writing about this account.

| To Pay Online<br>No Convenience Fee | apex.statementmanagement.com | Acct : 7947<br>Last Name: WINSHIP<br>DOB: |
|---|---|---|

-- Please tear off and return lower portion with payment. --

PO BOX 5407
LANCASTER PA 17606-5407

If you wish to pay by credit card, please enter the information in the spaces provided.

☐ MasterCard   ☐ VISA   ☐   ☐ Discover

Card #                              Security Code    Expiration Date
Billing Address
Signature                           Amount Authorized $



MELISSA WINSHIP

APEX Asset Management, LLC
PO BOX 5407
LANCASTER PA 17606-5407

| Account Number: | 7947 | | |
|---|---|---|---|
| Pay this amount: | $168.00 | Date: | 06/01/17 |